| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | JS-6 |

### CIVIL MINUTES -- GENERAL

| | | |
|---|---|---|
| Case No. | **CV 19-7411-JFW(MRWx)** | Date:  September 18, 2020 |
| Title: | Lynne Bodge -v- United Technologies Corporation | |

**PRESENT:**

    **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Shannon Reilly<br>Courtroom Deputy | None Present<br>Court Reporter |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:**<br>None | **ATTORNEYS PRESENT FOR DEFENDANTS:**<br>None |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER DISMISSING DEFENDANT RAYTHEON TECHNOLOGIES CORPORATION; and**

    **ORDER REMANDING ACTION TO LOS ANGELES SUPERIOR COURT**

    On September 17, 2020, Plaintiff Lynne Bodge, individually and as Personal Representative of the Estate of John H. Bodge ("Decedent"), ("Plaintiff") and Defendant Raytheon Technologies Corporation, f/k/a United Technologies Corporation ("Raytheon") filed a Joint Stipulation to Dismiss Defendant Raytheon Technologies Corporation and Remand Action to State Court ("Stipulation"). On September 17, 2020, Defendant Cirrus Enterprises LLC ("Cirrus") filed its Objection to Joint Stipulation to Dismiss Defendant Raytheon Technologies and Remand Action to State Court ("Objection").  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  After considering the Stipulation and Objection, the Court rules as follows:

    In their Stipulation, Plaintiff and Raytheon state that they "have now reached a resolution of Plaintiff's claims against" Raytheon and that pursuant to that resolution, they seek to have Raytheon dismissed as a party to this action.  Accordingly, the Court approves the Stipulation and, pursuant to Federal Rule of Civil Procedure 41(b), the Court **DISMISSES without prejudice** Raytheon from this action.[1]

---

[1] In its Objection, Cirrus correctly argues that a party can only be dismissed without a court order pursuant to Rule 41(a) if all parties who have appeared sign the stipulation of dismissal. However, Rule 41(b) does not contain any such requirement.

On August 27, 2020, Raytheon removed this action[2] from Los Angeles Superior Court on the grounds that the Court had federal officer subject matter jurisdiction under 28 U.S.C. § 1442(a) based on Plaintiff's allegations that Decedent's injuries were caused by products designed and manufactured by Raytheon under the supervision and control of the United States government, primarily through the United States armed forces.  In light of the fact that the claims against Raytheon have been dismissed and those are the only claims over which this Court had original jurisdiction, and after considering judicial economy, convenience, fairness, and comity, the Court declines to exercise supplemental jurisdiction over Plaintiffs' claims alleged against the remaining defendants.  *See, e.g., McGee v. United States Government*, 2013 WL 12130579 (C.D. Cal. Mar. 18, 2013); see also *Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011).  "The district court may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c).   "[A] federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." *Carnegie–Mellon University v. Cohill,* 484 U.S. 343, 350 (1988).  "'[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state law claims.'" *Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1091 (9th Cir. 2008) (quoting *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 351 (1988)).  In this case, because all of Plaintiff's claims against the remaining defendants are state law claims, those claims are more appropriately resolved by the state court.  Accordingly, because the balance of factors strongly point toward declining to exercise jurisdiction over Plaintiff's remaining claims, this action is **REMANDED** to Los Angeles County Superior Court.

IT IS SO ORDERED.

---

[2]  No other defendant joined in Raytheon's removal or filed a separate notice of removal.